[No. 16393. Department One. September 26, 1921.]

JOHN M. WENTWORTH et al., *Appellants*, v.
F. L. PERRIZO, *Respondent*.[1]

TRIAL (150)—FINDINGS—DUTY TO MAKE—EQUITABLE ACTION. Where an action is of equitable cognizance, instead of one at law, no findings of fact and conclusions of law are necessary on the part of the trial court.

JUDGMENT (108) — VACATION—GROUNDS—VIEW OF PREMISES BY JUDGE. An inspection of mining premises by the trial judge in an equitable action to determine whether alleged annual assessment work had been done by a claimant is not ground for vacation of a judgment, when it was done upon notice to the opposing counsel.

SAME (121)—VACATION—TIME FOR APPLICATION. Under Rem. Code, § 465, providing that petition for vacation of a judgment must be filed "not later than after the discovery" of the ground therefor, a petition filed practically a year after knowledge of the alleged ground is not timely filed.

[1]Reported in 200 Pac. 1115.

Appeal from a judgment of the superior court for Okanogan county, Carey, J., entered July 24, 1920, in favor of the defendant, in an action to vacate a judgment, tried to the court. Affirmed.

*S. P. Domer* and *W. C. Jones,* for appellants.

*John T. Mulligan* and *Grant & Williams,* for respondent.

BRIDGES, J.—In an action to which this is supplementary in nature, the plaintiffs, who are the appellants here, alleged that they, as trustees of a certain defunct corporation, were the owners and entitled to the possession of certain mines, located in Okanogan county; that such mines were unpatented, and were situated upon the public domain, and that at all times they had done the requisite amount of work on the mines in the nature of annual assessment work, and had otherwise complied with the law to authorize them to hold possession of such mines, and that subsequently one McKay wrongfully entered upon a part of such mines, and, claiming to be the owner, undertook to convey them to the defendant (who is the respondent here), and that he at once entered upon the ground and commenced and continued to mine such ground, to the damage of the plaintiffs, and that the defendant was insolvent and incapable of responding in damages. Plaintiffs prayed that the defendant be restrained from committing any further waste on the mine, and that an accounting be had, and that their title to the mine be quieted in them, and that the defendant be permanently enjoined from interfering with their possession, and for such further relief as is equitable in the premises. The defendant, by answer, denied that the plaintiffs were the owners of the mine located and prospected by him, and alleged that he alone was the owner, and asked that his title be quieted, and that the

plaintiffs be permanently restrained from interfering with his possession or use of the property. On these issues, the case was tried to the court without a jury, and on October 1, 1919, a judgment was entered in favor of the defendant. So far as this record shows, no appeal was ever taken from that judgment. A little less than a year after the entry of the judgment, the plaintiffs in the original case instituted this proceeding by petition, seeking to have the judgment in the first case vacated and set aside.

The chief reasons given in the petition for vacating the judgment were that the original case was one at law, and the trial court had not made any findings of fact or conclusions of law; and that, after the trial of that action, but before entry of judgment, the trial court, without authority, and in company with the defendant and his attorney in that case, visited the mines for the purpose of inspection, and that between the date of the commencement of that case and the time the court visited the mines, the defendant had wrongfully and fraudulently so covered up and obscured the work which had previously been done by the plaintiffs, as that the court was misled as to the amount of actual assessment work which had been done by petitioners.

The original case was tried before Judge C. H. Neal, and this proceeding was tried before Judge D. H. Carey. Judge Carey, after hearing the evidence, dismissed the petition and refused to vacate the judgment entered in the first case. It is from this judgment that the plaintiffs in the first case, and petitioners in this, have appealed.

It appears that, in the first case, Judge Neal did not make any findings of fact or conclusions of law. The appellants contend that that case was one at law, and since this court has always held that, in such an action

tried without a jury, a judgment cannot stand unless supported by the findings of fact and conclusions of law, they are entitled, as a matter of right, to have that judgment vacated. Appellant claims to have instituted this proceeding under § 465 Rem. Code (P. C. § 8131), which is as follows:

"When the grounds for a new trial could not, with reasonable diligence, have been discovered, but are discovered after the term (time) when the verdict, report of referee, or decision was rendered or made, the application may be made by petition filed as in other cases, not later than after the discovery, on which notice shall be served and returned, and the defendant held to appear as in an original action. The facts stated in the petition (complaint) shall be considered as denied without answer. The case shall be tried as other cases by ordinary proceedings, but no motion shall be filed after the final judgment was rendered."

It may be a serious question whether the appellants, in this independent proceeding, can raise the question that the judgment should be set aside because there were no findings of fact or conclusions of law. It may be that the failure of the court to make such findings of fact and conclusions can only be taken advantage of by direct appeal. Such seems to have been the proceeding in the cases where this court has reversed because there were no findings and conclusions. However, this question has not been raised by any of the parties hereto either in the lower court or here. We will not, therefore, decide the question, but will proceed as though the appellant had a right to raise it by this proceeding. Whether the trial court should have made findings of fact and conclusions in the original case is dependent upon whether that case was one on the equity or the law side of the court. The plaintiffs in the original case sought much relief which could be given only by a court of equity. They sought to enjoin the defendant

from interfering with their business and from taking any ore from their mines and for an accounting, and "for such other relief as is equitable in the premises." There can be no question but what the case was of equitable cognizance, and we have always held that in such cases the trial court need not make any findings of fact or conclusions of law.

The only other question discussed by the appellants is that they are entitled to have the judgment vacated because the trial court, after the trial, had wrongfully and without authority viewed the premises in dispute, and under such circumstances as to mislead him as to the extent of the annual assessment work which had theretofore been done by the appellants. It appears that the chief question in the original case was whether or not the appellants here had complied with the law in doing their annual assessment work. It is first contended that the trial court, without knowledge of the appellants or their attorneys, visited the mine in question, and that in so doing it acted without authority and to their prejudice. Judge Carey, before whom that case was tried, found that Judge Neal, during the trial of the original case, had announced in open court that he would view and inspect the premises, and that thereafter he notified one of the attorneys for the plaintiffs in that action (appellants here) of the time fixed by him so to do, and that such date was agreeable to the attorney, who accompanied the judge most of the way to the mine, and consented that the judge might make the view alone; that Judge Neal then visited the mine alone and inspected it, and that "said viewing, inspection and investigation was properly, fairly, justly and honestly made, and no fraud or deception or overreaching was practiced, or attempted to be practiced, upon the plaintiffs." An examination of the testimony in this case convinces us that the find-

ings so made by Judge Carey are correct. There is almost nothing in the testimony to indicate any irregularity in the action of the judge in viewing the disputed premises. Judge Carey further found that the defendant in the original case, ''did not at any time before Judge Neal viewed the premises and inspected said premises and property, change or mutilate, obliterate or destroy any work of any kind on said property; that the charges of fraud as contained in the petition of petitioners have not been sustained in any particular by the evidence in this case.'' This conclusion of the trial court is also sustained by the evidence.

It will be noted that the statute under which the appellants claim to proceed, to wit, § 465 Rem. Code (P. C. § 8131), provides that the petition for vacation must be filed ''not later than after the discovery'' of the alleged ground for new trial or vacation of judgment. The record here shows that, not only did Judge Neal, before viewing the premises, notify one of appellants' attorneys that he would so do, but that such attorney knew before judgment that such inspection had been made, and that thereafter and before the judgment was made the judge, by letter, advised that attorney that he had viewed the premises, and the judgment itself recites that fact. Under these circumstances, it must be held that the appellants, both before and at the time of making the judgment, knew that the court had visited the premises, and yet their petition to vacate on that ground was not made nor filed until nearly a year thereafter.

We do not find any ground upon which the judgment should be reversed, and it is affirmed.

PARKER, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.